[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11927
Non-Argument Calendar
_____

D.C. Docket No. 8:19-cv-00485-VMC-CPT


JOSHUA STATTON,

Plaintiff-Appellant,

versus

FLORIDA FEDERAL JUDICIAL NOMINATING
COMMISSION,
CARLOS LOPEZ-CANTERA,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 21, 2020)

Before WILLIAM PRYOR, JILL PRYOR, and GRANT, Circuit Judges.

GRANT, Circuit Judge:

This appeal arises from a Freedom of Information Act suit filed against the Florida Federal Judicial Nominating Commission and its former statewide chair, Carlos Lopez-Cantera.  The district court dismissed the suit for want of subject matter jurisdiction because neither the Commission nor Lopez-Cantera is an "agency" within the meaning of FOIA.  The would-be plaintiff appeals pro se.  We agree with the most important part of the district court's order: the Commission is not an agency.  But because this fact creates a defect in the merits of the complaint rather than in the district court's jurisdiction, we hold that the complaint failed to state a claim upon which relief can be granted.  On that basis, we affirm judgment in favor of the defendants.

I.

In 2017, Florida's United States Senators at the time, Marco Rubio and Bill Nelson, created the Florida Federal Judicial Nominating Commission, the latest in a long line of such commissions in Florida.  Florida's Senators provide the President recommendations for filling federal judicial vacancies within the state, and the Commission, according to its governing rules, "facilitate[d] the identification of excellent, highly-qualified, and eligible candidates" for those vacancies.

The Commission's members were volunteers selected by the Senators from both the Florida Bar and the general public.  Upon receiving a request from the Senators, the Commission began its selection process, which consisted of a call for applications, public comment, and interviews.  After deliberations, the Commission sent a list of finalists to the Senators.  The Senators had the option of

2

interviewing the finalists and, if neither Senator objected, forwarding the list of finalists to the President. But "forwarding a name for consideration by the White House [did] not explicitly or implicitly indicate that a Senator [would] support that individual's ultimate confirmation." The Commission's process and all of its rules were subject to amendment at the Senators' sole discretion.

The Commission lapsed in January 2019 at the conclusion of the 115th Congress. A month later, Joshua Statton sent a Freedom of Information Act request to Lopez-Cantera in his capacity as the Commission's former statewide chair. Statton, an officer at a government watchdog group called Florida for Transparency, believed that a particular judge had made false representations and material omissions on the application form he gave the Commission. Statton's FOIA request sought a copy of the judge's application, along with all supporting documentation that he provided. Lopez-Cantera did not comply, and Statton sued.

Lopez-Cantera moved to dismiss under Rule 12(b)(6), arguing that the Commission was not an "agency" for purposes of FOIA. Statton opposed the motion, claiming that the Commission was subject to FOIA because it was "an establishment formed at the behest of the President." The district court ruled that neither Lopez-Cantera nor the Commission was an agency and dismissed Statton's suit for lack of subject matter jurisdiction under Rule 12(b)(1). After the court denied Statton's motion for reconsideration, this appeal followed.

## II.

When a district court dismisses a complaint for want of subject matter jurisdiction, we review the court's legal conclusions de novo. *Carmichael v.*

*Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). We review de novo the district court's ruling on a motion to dismiss for failure to state a claim, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

## III.

We agree with the district court that "regardless of whether this action was dismissed under Rule 12(b)(1) or 12(b)(6), the issue was whether Lopez-Cantera or the [Commission] met the definition of an agency under FOIA." On appeal, Statton concedes that Lopez-Cantera, a private individual, cannot be sued under FOIA.[1] That brings us to the first real issue: whether the Commission was a federal agency subject to FOIA.

## A.

Apart from exemptions not relevant here, FOIA requires federal agencies to make their records available to the public upon request. *See generally* 5 U.S.C. § 552; *see also Sikes v. U.S. Dep't of Navy*, 896 F.3d 1227, 1233 (11th Cir. 2018). FOIA defines an "agency" as "each authority of the Government of the United States, whether or not it is within or subject to review by another agency." 5 U.S.C. § 551(1). This includes "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive

---

[1] In any event, Lopez-Cantera, in his capacity as the statewide chair of the Commission, could be subject to FOIA only to the extent of the Commission itself. If the Commission has no obligations under FOIA, then neither do its individual members.

Office of the President), or any independent regulatory agency." *Id.* § 552(f)(1). Congress, however, is specifically excluded. *Id.* § 551(1)(A).

The Commission was not a federal agency. In Statton's reply to the motion to dismiss, he argued that because Article II gives the President the sole power to nominate judges, the Commission exercised executive power. Even construing his appellate brief to make the most of this argument, we find it wholly insufficient. As the district court noted, the Commission's role—suggesting judicial candidates to two Senators—was "separate and distinct from the President's duties under the Appointments Clause."

Any federal supervision over the Commission began and ended with Florida's United States Senators. The Commission was created by the Senators, not by a federal statute. It did not begin its selection process until the Senators made a request. And its composition was completely under the control of the two Senators, who also retained the liberty to amend its Rules of Procedure at any time. Two Senators, acting alone, cannot create a federal agency.

Statton contends that we should apply *Meyer v. Bush*, 981 F.2d 1288 (D.C. Cir. 1993). There, the D.C. Circuit analyzed three factors to determine whether the President's Task Force on Regulatory Relief was an agency: "[1] how close operationally the group is to the President, [2] what the nature of its delegation from the President is, and [3] whether it has a self-contained structure." *Id.* at 1293. *Accord Soucie v. David*, 448 F.2d 1067, 1073–75 (D.C. Cir. 1971). But *Meyer* is a test for "determining whether those who both advise the President and supervise others in the Executive Branch exercise 'substantial independent

5

authority' and hence should be deemed an agency subject to the FOIA." *Armstrong v. Exec. Office of the President*, 90 F.3d 553, 558 (D.C. Cir. 1996).  The Commission does not exist in the Executive Branch, so *Meyer* is irrelevant.

We "read briefs filed by *pro se* litigants liberally."  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).  Even so, we see no hint that the Commission exercises any Executive Branch authority.  Statton says that the Commission has the "authority to hold hearings, review applications from judicial candidates, receive and request materials in furtherance of its decision on a final judicial nominee, all without input or advice" from the President.  No matter—any private organization could do the same thing.  It takes no special authority to send out questionnaires and conduct interviews; the Commission's influence derived not from any special legal authority, but from the sponsorship of two U.S. Senators.

Statton also raises arguments based on the Commission's own rules.  By his lights, since the rules provide for public participation in the selection process, members of the public "must have a process through which they can grieve and obtain these publicly available documents."  But the public's rights under FOIA do not wax or wane depending on whether an organization publicly commits itself to transparency.  And FOIA is not an available remedy merely because an interested citizen believes that some organization has violated its charter.  It does not apply here.

### B.

Where we part ways with the district court is on its jurisdictional conclusion. The district court said that because the Commission was not an agency—and

6

Statton thus did not request agency records—the complaint must be dismissed for want of subject matter jurisdiction.  True, FOIA says that the district court "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

But jurisdiction "is a word of many, too many, meanings."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 90 (1998) (citation omitted).

As the Supreme Court has explained, "it is commonplace for the term to be used" to mean "the remedial *powers* of the court."  *Id.* (emphasis in original) (collecting statutes).  And that is exactly what the word jurisdiction means in § 552(a)(4)(B): the ability to devise remedies rather than the ability to hear cases. *See Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980) ("Judicial authority to devise remedies and enjoin agencies can only be invoked, under the jurisdictional grant conferred by § 552, if the agency has contravened all three components of this obligation.").

We recently made this same distinction clear in *Sikes*.  There, the district court dismissed a FOIA suit, finding no jurisdiction because the plaintiff did not establish that the requested documents had been improperly withheld.  *See* 896 F.3d at 1232–33 n.2.  We said that "despite the district court's characterization of its order, it should properly be viewed as one for failure to state a claim upon which relief may be granted."  *See id.* at 1233 n.2 (citing *Main St. Legal Servs.,*

7

*Inc. v. Nat'l Sec. Council*, 811 F.3d 542, 566–67 (2d Cir. 2016)).[2]  Here, too, the district court should have exercised jurisdiction over the case.

## C.

The parties presented their case on the merits to the district court, and it is on those grounds that we decide the case today.  That means we need not address Statton's argument that the district court denied him due process by raising sua sponte the court's subject matter jurisdiction without giving Statton an opportunity to respond.

## IV.

We may affirm the judgment below on any ground supported by the record, regardless of whether it was relied on by the district court.  *See Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012).  Because the Commission is not an agency subject to FOIA, Statton has not stated a claim on which relief can be granted.  We affirm judgment in favor of the defendants.

**AFFIRMED.**

---

[2] The district court implied that this position is at odds with *Alley v. U.S. Dep't of Health & Human Servs.*, 590 F.3d 1195 (11th Cir. 2009).  But *Alley* said that the requirements in § 552(a)(4)(B) are prerequisites "[b]efore an injunction may issue"—not that they were required for the court to have jurisdiction to hear the case. *Id.* at 1202; *see also U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989) (unless the requirements of § 552(a)(4)(B) are met, "a district court lacks jurisdiction *to devise remedies*" (emphasis added)).

8