[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11820
Non-Argument Calendar
_____

D.C. Docket No. 8:18-cv-01775-VMC-JSS

BENEDICT MOHIT,

                                                        Plaintiff-Appellant,

versus

CITY OF HAINES CITY,
a political subdivision of the State of Florida,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for Middle District of Florida
_____

(January 26, 2021)

Before MARTIN, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Benedict Mohit filed suit because he thought Haines City, where his property was located, improperly burdened his farming activities. But the district court dismissed his second amended complaint in part and granted summary judgment to the defendants on the rest. Mohit now appeals, pro se. He argues that Haines City's land development regulations, permit requirements, and application of the same were unlawful under the United States Constitution and under the Fair Housing Act. But we agree that the district court's resolution of his claims was correct, whether it dismissed them or granted summary judgment to Haines City. We therefore affirm.

## I.

In May 2012, Mohit purchased a 20-acre property, located in Haines City, and, in his words, "immediately began growing a commercial hay crop." His intent, from the start, was to farm and use "the profits to build and maintain a family home" on that property. The problem for him was that, just two months after he bought the property, Haines City adopted a land development regulation that prohibits using his land for keeping farm animals or for other agricultural purposes absent a permit. After being told by city officials that he needed to have a permit to carry out his farming plans, Mohit filed a lawsuit in state court. In his view, Haines City was "unlawfully prohibiting his proposed livestock grazing on his farm."

Months later, the state trial court found that Mohit "should submit a new application" for a conditional use permit "to pursue livestock farming." Mohit did so, though under protest—at the top of his application, he stated his view that the

2

permit requirement was unlawful.  And in August, three months after Mohit filed his permit application, Haines City granted him the permit.  Among other allowances, the City permitted Mohit to have up to twenty goats, twenty cattle on a rotational basis, and five horses—which is what Mohit asked for in his application.

Still, Mohit did not stop pursuing his state court action.  In his third amended complaint, filed after he received his permit, he continued to allege to the trial court that the regulation and the permit requirement were contrary to state law.  He also alleged that the regulation violated the Due Process Clause of the United States Constitution and effected a regulatory taking without just compensation. Mohit also made clear that he wanted to "preserve access to the federal courts for subsequent litigation."  And while Haines City was granted summary judgment on most issues, his federal claims were dismissed without prejudice.

That brings us to federal court.  Mohit filed his complaint in federal district court in July 2018, and he filed an amended complaint three months later.  After that complaint was dismissed in part without prejudice, he filed yet another amended complaint.  In it, there were three counts: (I) violation of the Fifth Amendment Takings Clause; (II) violation of the Due Process and Equal Protection Clauses; and (III) violation of the Fair Housing Act.

In two different orders, the district court disposed of all the counts.  First, the court dismissed counts II and III with prejudice for failure to state a claim.  For Count II, the court concluded that Mohit did not adequately allege a substantive due process violation, and also found that Mohit failed to state an equal protection claim because the only comparator he provided was not "similarly situated."  For

3

Count III, the court found a failure to state an FHA claim because Mohit failed "to plausibly allege or suggest intentional discrimination, a discriminatory impact, or a refusal to make a reasonable accommodation." The court also found that Mohit was untimely in bringing his FHA claim.

A few months later, the district court granted summary judgment to Haines City on Count I, the Takings claim. In particular, the court found that Mohit could not show that the land development regulation "robbed Mohit of all economically beneficial uses of his Property." It also concluded that Mohit's myriad arguments that the regulation violated Florida law could not support a Takings claim.

Mohit now appeals.

## II.

We review the district court's grant of summary judgment de novo. *Martin v. Fin. Asset Mgmt. Sys., Inc.*, 959 F.3d 1048, 1051 (11th Cir. 2020). And a grant of summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* at 1051–52 (quotation omitted). We also review de novo "the district court's ruling on a motion to dismiss for failure to state a claim, 'accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff.'" *Statton v. Florida Fed. Jud. Nominating Comm'n*, 959 F.3d 1061, 1062 (11th Cir. 2020) (quoting *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003)).

4

III.

Mohit appeals the district court's decision on three of his claims: a violation of the Takings Clause of the Fifth Amendment, a violation of due process and equal protection, and a violation of the Fair Housing Act. The district court granted Haines City summary judgment on Count I (Takings claim), and dismissed Counts II (substantive due process and equal protection claim) and III (Fair Housing Act claim) for failure to state a claim. We affirm the district court on each count.

A.

The Fifth Amendment provides that "private property" shall not "be taken for public use, without just compensation." U.S. Const. amend. V. Recently, the Supreme Court has noted two scenarios where a "government regulation is so onerous that it constitutes a taking." *Murr v. Wisconsin*, 137 S. Ct. 1933, 1942 (2017). The first is when, "with certain qualifications," a regulation "denies all economically beneficial or productive use of land." *Id.* (quotations omitted). And the second is when the regulation is found to be a taking based on "a complex of factors," including "(1) the economic impact of the regulation on the claimant; (2) the extent to which the regulation has interfered with distinct investment-backed expectations; and (3) the character of the governmental action." *Id.* at 1943 (quotation omitted).

The problem for Mohit is that he only expressly mentions that first avenue for finding a regulatory taking—where a regulation "denies all economically beneficial or productive use of land." But Mohit cannot plausibly argue that he

5

was so deprived; after all, he was permitted to engage in some agricultural activities, even if those activities were less extensive than he would have liked. And the rest of his briefing, rather than engaging in the "complex of factors" analysis, argues that the land development regulation was contrary to state law. Even if that is true, Mohit does not adequately connect his argument to the only inquiry that matters—whether the regulation constituted a taking. For that reason, the district court did not err when it granted summary judgment to Haines City on this issue.

B.

Count II contains Mohit's substantive due process and equal protection claims. In his initial brief on appeal, Mohit argues that his "state-created" property right was infringed upon by a "legislative act," and that this was a substantive due process violation.[1] But his argument fails on its own terms. As he recognizes, when a non-fundamental right is infringed upon by a legislative act, that act is reviewed under the rational basis standard. *Kentner v.City of Sanibel*, 750 F.3d 1274, 1280 (11th Cir. 2014). And we have noted before that "fundamental rights in the constitutional sense do not include 'state-created rights.'" *Hillcrest Prop., LLP v. Pasco Cnty.*, 915 F.3d 1292, 1297 (11th Cir. 2019) (quoting *McKinney v. Pate*, 20 F.3d 1550, 1560 (11th Cir. 1994)); *cf. Kentner*, 750 F.3d at 1279

---

[1] Haines City argues that Mohit abandoned any argument that it committed a substantive due process violation through an executive act, as opposed to a legislative act. In any event, Mohit could not have succeeded on such a claim here. *See Lewis v. Brown*, 409 F.3d 1271, 1273 (11th Cir. 2005) ("Non-legislative, or executive, deprivations of state-created rights, which would include land-use rights, cannot support a substantive due process claim." (punctuation altered) (internal quotations omitted)).

("[T]here is generally no substantive due process protection for state-created property rights."). And Mohit does nothing to specifically allege that his property rights are fundamental or that the land development regulation fails to meet the low bar for the rational basis test. His only attempt in his initial brief to connect his argued state law violations to a substantive due process challenge is a solitary sentence without any citations. *Cf. Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

Mohit also argues that Haines City committed an equal protection violation when it granted his neighbor a permit to keep an "unlimited number of animals and any species." He spends a lot of time setting out his neighbor as a suitable comparator. But even if that were true, a comparator is not the only requirement for stating an equal protection claim. To prove an equal protection violation in a "class of one" claim, which is what he brings, Mohit needed to show that Haines City "unequally applied a facially neutral ordinance for the purpose of discriminating against him." *Leib v. Hillsborough Cnty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1307 (11th Cir. 2009). But Mohit failed to allege, beyond conclusory statements, any discriminatory animus. *Cf. Access Now*, 385 F.3d at 1330.

## C.

Finally, Mohit argues that his FHA claim was improperly dismissed. He says that his claim is not time-barred because in his view Haines City is

7

committing a continuing unlawful act.  But the district court dismissed his FHA claim for two independent reasons—for untimeliness *and* for failure to state a claim.  And Mohit does not effectively contest the latter.  This Court has noted that to state a claim under the Fair Housing Act, "the plaintiffs must allege unequal treatment on the basis of [a prohibited classification] that affects the availability of housing."  *Jackson v. Okaloosa Cnty.*, 21 F.3d 1531, 1542 (11th Cir. 1994).  Just like with his equal protection claim, Mohit provides nothing other than conclusory statements that Haines City discriminated against him.  He also provides no controlling case law to show that the district court committed error in dismissing his claim.  We thus find no error.

## IV.

It may well be that the land development regulation and the permit caused deep inconvenience and frustration for Mohit.  But because we find no error in the district court's rejection of his legal claims, we affirm its judgment.  **AFFIRMED**.

8