[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-11483

Non-Argument Calendar

_____

DANIEL L. CHAPEL,

Plaintiff-Appellant,

*versus*

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:23-cv-00440-AMM

_____

Before JILL PRYOR, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

On April 6, 2023, Daniel L. Chapel, proceeding *pro se*, filed a complaint in district court against the Commissioner of the Social Security Administration ("SSA"), alleging that he was improperly denied disability insurance benefits. After some litigation, the district court dismissed Chapel's case without prejudice on the ground that Chapel "failed to establish that he exhausted his administrative remedies through the SSA" and "therefore [ ] did not obtain a final decision that could be subject to judicial review." "Without a final decision," the district court added, "this court lacks subject matter jurisdiction."

Chapel now appeals that order, arguing that a previously obtained fully favorable decision from an Administrative Law Judge ("ALJ") on an overpayment issue showed that he exhausted his administrative remedies and that the SSA did not properly comply with its internal regulations. Chapel also contends that the SSA did not properly comply with its internal regulations as that decision found that he was entitled to disability insurance benefits. For the reasons discussed below, we conclude that the district court did not err in dismissing Chapel's complaint.

## I.

This Court reviews *de novo* a dismissal for failure to exhaust administrative remedies. *Id*. at 1220. We may affirm the district court's judgment "on any ground supported by the record,

regardless of whether it was relied on by the district court." *Statton v. Fla. Fed. Jud. Nominating Comm'n*, 959 F.3d 1061, 1065 (11th Cir. 2020). It is appropriate for a district court to dismiss a complaint without prejudice when the claimant did not appropriately exhaust his administrative remedies. *Crayton*, 120 F.3d at 1222

## II.

Under 42 U.S.C. § 405, an individual may obtain judicial review of "any final decision of the Commissioner of Social Security made after a hearing to which he was a party." 42 U.S.C. § 405(g). The Supreme Court has explained that this provision has two separate elements: a jurisdictional requirement that the individual presents a claim to the SSA, and a "nonjurisdictional element of administrative exhaustion." *Smith v. Berryhill*, 587 U.S. 471, 478 (2019). Administrative exhaustion requires that the "administrative remedies prescribed by the Secretary be exhausted." *Id.* (quotation marks omitted). These remedies include an initial SSA determination, a reconsidered determination, a hearing before an ALJ, and a request for and possible review by the Appeals Council. *Rodriguez v. Soc. Sec. Admin.*, 118 F.4th 1302, 1308 (11th Cir. 2024); 20 C.F.R §§ 404.902, 404.908(a), 404.929, 404.967. If a claimant fails to request review from the Appeals Council, there is no final decision and no judicial review, as the claimant has not exhausted his administrative remedies. *Sims v. Apfel*, 530 U.S. 103, 107 (2000); *see also* 20 C.F.R. § 404.900(b).

The Secretary may waive the exhaustion requirement if he finds that further exhaustion would be futile. *Heckler v. Ringer*, 466

U.S. 602, 617 (1984). In rare cases, a reviewing court may also waive the exhaustion requirement, but only if "a claimant's interest in having a particular issue resolved promptly is so great that deference to the agency's judgment [would be] inappropriate." *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976); *see also Crayton v. Callahan*, 120 F.3d 1217, 1222 (11th Cir. 1997) ("Exhaustion may be excused when the only contested issue is constitutional, collateral to the consideration of claimant's claim, and its resolution therefore falls outside the agency's authority.").

## III.

As an initial matter, we conclude that the district court erred in finding that it lacked subject matter jurisdiction over Chapel's claims, as the exhaustion requirement described above is "nonjurisdictional." *Smith*, 587 U.S. at 478. Indeed, the Commissioner concedes that a claimant's failure to exhaust administrative remedies beyond initial presentation of the claim to the SSA is not a jurisdictional defect.

Notwithstanding this error, we conclude that the district court properly dismissed Chapel's claim for failure to exhaust administrative remedies as his fully favorable decision from the ALJ did not address his disability status or his eligibility for DIB. Rather, the fully favorable decision determined that he was not responsible for any prior overpayment of benefits. Chapel asked the SSA to reinstate his benefits on March 17, 2023. The SSA denied his request on April 14, 2023, informing Chapel that he could "ask for an appeal within 60 days." Chapel filed his complaint in this case on

April 6, 2023, and he did not appeal the SSA's denial within the 60-day deadline.  Chapel thus never presented a "final decision" for the district court to review, as required under § 405(g).  Without a final decision from the SSA, Chapel was not entitled to judicial review.

On appeal, Chapel, however, argues that he *had* "exhausted all remedies" before filing this case in district court because he received a "fully favorable decision" from an ALJ on July 13, 2021, "agree[ing] [that] Mr. Chapel is disabled."  According to Chapel, that "fully favorable decision by the ALJ represents a final agency [ ] action" and "affirms [his] entitlement to [disability insurance] benefits" here.  That decision, however, arose out of an entirely different proceeding relating to the overpayment of benefits that Chapel recovered between April 1998 and December 1999 and between April 2011 and August 2013.  In that proceeding, the ALJ ultimately found that Chapel was "not at fault in causing the overpayment" and waived recovery of the alleged overpayment amount of $46,868.

This case, by contrast, has nothing to do with overpayment and instead relates to the Commissioner's decision to terminate Chapel's disability insurance benefits on September 9, 2013—and Chapel's attempt to get those benefits reinstated.  Chapel cannot use the fully favorable decision in the overpayment matter to constitute a final decision here.  After all, Chapel did not bring this action to "obtain review" of the ALJ's July 13, 2021, fully favorable decision.  *See* § 405(g) ("Any individual, after any final decision of

the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of *such decision . . .*" (emphasis added)).  Rather, he sued to challenge the Commissioner's "errors in processing [the] Administrative Law Judge's 'Fully Favorable Decision,'" which he mistakenly believed entitled him to a reinstatement of disability insurance benefits.  But, again, Chapel's "request for expedited reinstatement" of benefits was a separate matter entirely from the issue of overpayment, which had already been resolved for several years by the time Chapel requested reinstatement.  We thus decline to consider the ALJ's decision from July 2021 as a "final decision" here.

## IV.

Lastly, Chapel also argues that the district court violated his "procedural due process" rights when it "exclu[ded]" evidence and "denied [his] Motion for Discovery."  Chapel, however, does not explain how his due process rights were violated by these exclusions or denials.  Although *pro se* filings are held to a more lenient standard than papers drafted by counseled parties and their attorneys, that "leniency does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010).  To the extent he seeks to challenge the district court's denial of his discovery requests to depose agency employees, we conclude that the district court correctly determined that discovery was unnecessary, as § 405(g) already provides for the provision of evidence by the

Commissioner. *See* § 405(g) ("As part of the Commissioner's answer the Commissioner of Social Security shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based."). Additionally, § 405(g) authorizes a district court to enter a judgment "affirming, modifying, or reversing the decision of the Commissioner" based on "the pleadings and transcript of the record" alone. We thus conclude that the district court did not err in denying Chapel's discovery requests.

## V.

For the reasons stated, we affirm the district court's dismissal of Chapel's complaint.

**AFFIRMED.**