[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11004
_____

D.C. Docket No. 2:16-cv-14325-RLR


DEMETRIUS OSBOURNE,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 6, 2020)

Before ROSENBAUM, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Demetrius Osbourne, a Florida prisoner, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition for a writ of habeas corpus for lack of jurisdiction as an unauthorized second or successive petition.  He argues on appeal that his petition was not second or successive because a new judgment was entered in 2014.  As discussed in further detail below, the state trial court granted in part his motion to correct sentence, pursuant to Fla. R. Crim. P. 3.800(a), and issued an amended sentence nunc pro tunc, which removed a 10-year mandatory minimum term on one of his counts of conviction.  After careful review, we conclude that because the amended sentence was entered nunc pro tunc under Florida law, it related back to the date of the original judgment and it was not a "new judgment" for purposes of 28 U.S.C. § 2244(b).  Consequently, the district court properly determined that Osbourne's latest § 2254 petition was an unauthorized second or successive petition over which it lacked jurisdiction, and we affirm.

## I.  Background

In 2003, a Florida jury convicted Osbourne of robbery with a deadly weapon (firearm) and aggravated battery with a deadly weapon (a firearm).  He was sentenced to life imprisonment on the robbery offense and a concurrent 15-year term on the aggravated battery offense.  Each respective sentence included a

2

10-year mandatory-minimum term of imprisonment for possession of a firearm.[1]

Following his sentencing, Osbourne vigorously pursued state postconviction relief,

and in 2010, he filed a § 2254 federal habeas petition, which was denied on the

merits.

Subsequently, in May 2014, Osbourne filed a *pro se* motion to correct

sentence in the state trial court, pursuant to Florida Rule of Criminal Procedure

3.800(a),[2] in which he argued, among other things, that the 10-year

mandatory-minimum terms imposed on each count were illegal because the

charging information failed to allege actual possession of the firearm or reference

the relevant firearm enhancing statute.  Following the State's response, the trial

court granted his motion in part and denied it in part.  Specifically, the trial court

agreed that the 10-year mandatory-minimum term for the robbery count "may have

be in error, although moot" because more than 10 years had passed since

Osbourne's sentencing.  Nevertheless, the trial court ordered that an "amended

sentence" be entered, "*nunc pro tunc* to April 21, 2003, to reflect the deletion of

---

[1] Under Florida law, a person who is convicted of certain felonies, including robbery and aggravated battery, "and during the commission of the offense, such person actually possessed a 'firearm' or 'destructive device' as those terms are defined in s. 790.001, shall be sentenced to a minimum term of imprisonment of 10 years[.]"  Fla. Stat. § 775.087(2)(a)(1) (2002).

[2] This rule provides in relevant part that: "A court may at any time correct an illegal sentence imposed by it, or an incorrect calculation made by it in a sentencing scoresheet, when it is affirmatively alleged that the court records demonstrate on their face an entitlement to that relief . . . ."  Fla. R. Crim. P. 3.800(a)(1).

the ten year mandatory minimum on [Osbourne's] robbery conviction (count one) only.  The defendant's sentence remains unchanged in all other respects."  Notably, the sentencing form used by the trial court utilized various boxes to indicate the action taken, which included options for a "modified," "amended," or "corrected" sentence, or a "resentence."  The trial court selected "amended" sentence with the notation that the sentence was "[a]mended to reflect Court Order for deletion of the ten year mandatory firearm minimum."  The form also provided that the amended sentence was imposed "nunc pro tunc" to April 21, 2003—the date of Osbourne's original judgment.  Osbourne appealed the denial in part of his Rule 3.800 motion and Florida's Fourth District Court of Appeal summarily affirmed without written opinion.

Thereafter, in July 2016, Osbourne filed the underlying *pro se* § 2254 petition for a writ of habeas corpus, asserting claims of ineffective assistance of trial counsel and that the remaining 10-year mandatory-minimum term on the aggravated battery conviction violates the due process clause.  He maintained that the petition was timely because he "was resentenced and a new judgment was entered" in 2014.  In response, the State argued that the district court should dismiss the petition as an unauthorized second or successive § 2254 petition because Osbourne had unsuccessfully litigated his initial § 2254 petition in 2010 and Osbourne had not been resentenced or subject to a new judgment.  Rather, the

4

2014 judgment was simply the "ministerial act of correcting the original judgment nunc pro tunc."

Upon review, the magistrate judge recommended that Osbourne's § 2254 petition be dismissed as an unauthorized second or successive petition because the 2014 order "had no effect on [Osbourne's] underlying convictions or sentences, and did not result in a 'new judgment' for purposes of § 2244(b)."  The district court adopted the magistrate's report and recommendation over Osbourne's objections.  This appeal followed.[3]

## II.  Standard of Review

"We review *de novo* whether a petition for a writ of habeas corpus is second or successive."  *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1324 (11th Cir. 2017) (*en banc*).

## III.  Discussion

With certain exceptions not relevant here, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that, before a petitioner may file a second or successive §2254 habeas petition, the petitioner first must obtain an order from this Court authorizing the district court to consider the petition.  *See*

---

[3] Although generally appeals from § 2254 proceedings require a certificate of appealability ("COA"), no COA is necessary to appeal the dismissal for lack of subject matter jurisdiction of a successive habeas petition because such orders are not "a final order in a habeas corpus proceeding."  *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004).  Instead, we may review such a dismissal as a "final decision" under 28 U.S.C. § 1291.  *Id.*

28 U.S.C. § 2244(b)(3)(A).  Absent authorization from this Court, the district court lacks jurisdiction to consider a second or successive habeas petition.  *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).  However, "where . . . there is a 'new judgment intervening between the two habeas petitions,' an application challenging the resulting new judgment is not 'second or successive[.]'"  *See Magwood v. Patterson*, 561 U.S. 320, 341–42 (2010) (quoting *Burton v. Stewart*, 549 U.S. 147, 156 (2007)).  In other words, "[w]hether a petition is second or successive depends on 'the *judgment* challenged.'"  *Patterson*, 849 F.3d at 1325 (en banc) (quoting *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014)).  The conviction and sentence together make up the criminal judgment.  *See Burton v. Stewart*, 549 U.S. 147, 156 (2007).  Thus, in Osbourne's case, we must determine whether the 2014 amended sentence resulted in a new judgment for purposes of § 2244.

We start with what constitutes a new judgment.  The Supreme Court addressed this issue in *Magwood*.  After being sentenced to death for murder and exhausting postconviction relief in the Alabama state courts, Magwood filed a federal § 2254 petition challenging both his conviction and his sentence.  561 U.S. at 323.  Magwood's § 2254 petition was conditionally granted, with directions that Magwood either be released or resentenced.  *Id.*  The state trial court subsequently held a full resentencing, but ultimately imposed the same sentence.  *Id.* at 323, 326.

6

After again challenging his new death sentence in state court, Magwood filed another § 2254 petition raising a fair-warning claim and an ineffective-assistance-of-counsel claim, both of which directly related to the resentencing proceedings. *Id.* at 327–28. The district court *sua sponte* addressed whether Magwood's present § 2254 petition was second or successive for purposes of § 2244, concluded it was not, and proceeded to address the merits of Magwood's claims. *Id.* at 328. On appeal, we reversed in part the district court's ruling as to the successive nature of the petition, concluding that Magwood's fair-warning claim was a prohibited second or successive claim under § 2244 because it "challenged the trial court's reliance on the same (allegedly improper) aggravating factor that the trial court had relied upon for Magwood's original sentence." *Id.* at 329. In reversing our decision, the Supreme Court explained that the phrase "second or successive" in § 2244(b) "must be interpreted with respect to the judgment challenged." *Id.* at 332–33. Accordingly, the *Magwood* court concluded that because a new, intervening judgment was entered following the resentencing, Magwood's new § 2254 petition which challenged "new errors" made at the resentencing was not "second or successive" for purposes of § 2244(b). *Id.* at 339, 342. In reaching this conclusion, the *Magwood* Court left open the question of whether a petitioner could challenge the original, undisturbed conviction in a new § 2254 petition where the State imposed only a new sentence. *Id.* at 342.

7

Subsequently, in *Insignares*, we considered the question left open in *Magwood* as to whether a habeas petition is "second or successive" for purposes of § 2244 where it challenges an undisturbed conviction following the imposition of only a new sentence. 755 F.3d at 1277–78. Specifically, after pursuing federal habeas relief, Insignares filed a Rule 3.800 motion to correct his sentence. *Id.* at 1277. The state court granted the motion, reduced the mandatory-minimum imprisonment term for one of his counts of conviction from 20 to 10 years, and "entered a corrected sentence and new judgment." *Id.* Insignares then filed a new § 2254 petition. *Id.* Although the State did not contest that a new judgment was entered within the meaning of *Magwood* for purposes of § 2244, it argued that Insignares's new § 2254 petition was nevertheless "second or successive" because it challenged the undisturbed conviction and raised the same issues as his first § 2254 petition. *Id.* at 1278. We concluded that because there is only one judgment, which "is comprised of both the sentence and the conviction," a habeas petition is not second or successive where it follows a new judgment, "regardless of whether its claims challenge the sentence or the underlying conviction." *Id.* at 1281.

Importantly, however, not every action that alters a sentence necessarily constitutes a new judgment for purposes of § 2244. For example, in *Patterson*, we emphasized that "[t]he judgment that matters for purposes of section 2244 is 'the

8

judgment authorizing the petitioner's confinement.'" 849 F.3d at 1325 (*en banc*) (quoting *Magwood*, 561 U.S. at 332). We then concluded that the state court's grant of a Florida Rule 3.800 motion to correct sentence and issuance of an order removing a sentencing requirement that the defendant undergo chemical castration did not constitute a new judgment for purposes of § 2244. *Id.* at 1325–28. In reaching this conclusion, we explained that Patterson's circumstances were distinguishable from *Magwood* and *Insignares* because in Patterson's case the state trial court did not issue a new prison sentence. *Id.* at 1325–26. Rather, the state court merely issued an order barring the imposition of the chemical castration condition, "but it did not otherwise address the term of Patterson's imprisonment." *Id.* at 1326. Consequently, unlike in *Magwood* and *Insignares*, there was no intervening judgment authorizing Patterson's confinement, and he was still in custody pursuant to his original 1998 judgment. *Id.* In so holding, we rejected the argument that the test for whether there is a new judgment for purposes of § 2244 should be whether the prisoner's sentence "has materially changed." *Id.* at 1326–27. We also rejected the argument that "any order that alters a sentence necessarily constitutes a new judgment," noting that state courts often make many "ameliorative changes in sentences . . . as a matter of course, such as the removal of a fine or a restitution obligation," and to say that such action results in a new judgment every time for purposes of federal habeas review would directly

9

contradict the central purpose of the AEDPA: "to ensure greater finality of state and federal court judgment in criminal cases." *Id.* at 1326–27 (quoting *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1269 (11th Cir. 2004) (*en banc*)). With these principles in mind, we now address whether the 2014 amended sentence entered nunc pro tunc in Osbourne's case constitutes a "new judgment" for purposes of § 2244.

Although there are clear parallels between Osbourne's case and *Insignares*, we find in this case the determining factor as to whether the state court judgment is a "new judgment" for purposes of § 2244(b) turns on the nunc pro tunc designation. Specifically, unlike in *Magwood* or *Insignares*, Osbourne's amended sentence was imposed *nunc pro tunc* under Florida law to the date of the original judgment. In Florida, "[a] court may enter an order nunc pro tunc to correct the record of an order [a]ctually made, which was either entered incorrectly in the court records or not entered at all." *In re Riha's Estate*, 369 So. 2d 404, 404 (Fla. 2d Dist. Ct. App. 1979). And under Florida law, "[n]unc pro tunc means 'now for then'" and when a legal order or judgment is imposed nunc pro tunc it "refers, not to a new or de novo decision, but to the judicial act previously taken, concerning which the record was absent or defective." *Colon v. State*, 909 So. 2d 484, 487 (Fla. 5th Dist. Ct. App. 2005)(quoting *Briseno v. Perry*, 417 So.2d 813, 814 (Fla. 5th Dist. Ct. App. 1982)); *see also Boggs v. Wainwright*, 223 So.2d 316, 317 (Fla.

1969) ("That a court of record may, even after the term has expired, correct clerical mistakes in its own judgments and records, nunc pro tunc, and that such corrections generally relate back and take effect as of the date of the judgment, decree, order, writ, or other record, is well settled." (quoting *R. R. Ricou & Sons Co. v. Merwin*, 113 So. 745, 746 (1927))). In light of the trial court's nunc pro tunc designation when issuing Osbourne's amended sentence, the date of Osbourne's sentences and conviction remained April 21, 2003.[4] *See Colon*, 909 So. 2d at 487. In other words, because the correction to the sentence was imposed nunc pro tunc, under Florida law the 2014 amended sentence related back to the date of the initial judgment and was not a "new judgment" for purposes of § 2244. *See Colon*, 909 So. 2d at 487; *see also Patterson*, 849 F.3d at 1327 (noting that Florida Rule 3.800(a) encompasses some errors that may relate back to the original

---

[4] We note Florida law also provides that "when the court wholly omits an order or wishes to change it, the new order cannot be entered nunc pro tunc." *Riha's Estate*, 369 So. 2d at 404. However, Osbourne did not challenge the imposition of the amended sentence nunc pro tunc in state court, despite having the opportunity to do so. Further, he does not raise any challenge to the nunc pro tunc designation now. Under these circumstances and because the propriety of labeling a Florida judgment "nunc pro tunc" is a matter of state law, we do not opine as to whether the imposition of the amended sentence in his case was the proper or correct use of a nunc pro tunc designation under Florida law. That is a matter best left to the province of the state court. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("Because 'it would be unseemly in our dual system of government for a federal . . . court to upset a state court conviction without an opportunity to the state courts to correct [an alleged] violation,' federal courts apply the doctrine of comity, which 'teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.'" (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950))). Our decision here is limited to the effect of the nunc pro tunc designation under Florida law and what effect that designation has on whether the judgment is a new judgment for purposes of § 2244(b).

11

sentencing, and "[a]n order that relates back to an original sentence merely amends the original order and may not entitle the defendant to vacatur of the original judgment and entry of a new one").

In conclusion, unlike in *Magwood* and *Insignares*, there is no intervening new judgment here authorizing Osbourne's confinement. Rather, Osbourne is still confined pursuant to the 2003 judgment. Consequently, Osbourne's latest § 2254 was an unauthorized second or successive petition over which the district court lacked jurisdiction.[5] *See Farris*, 333 F.3d at 1216.

**AFFIRMED.**

---

[5] In support of his contention that the 2014 amended sentence constitutes a new judgment for purposes of § 2244, Osbourne primarily relies on *Wentzell v. Neven*, 674 F.3d 1124 (9th Cir. 2012), and *Gonzalez v. Sherman*, 873 F.3d 763 (9th Cir. 2017), but his case is factually distinguishable as the intervening judgments in those cases were not entered *nunc pro tunc*. *See Wentzell*, 674 F.3d at 1125; *Gonzalez*, 873 F.3d at 772–73. Regardless, those cases are not binding precedent in this Circuit. *See Generali v. D'Amico*, 766 F.2d 485, 489 (11th Cir. 1985) ("[A]uthority from one circuit of the United States Court of Appeals is not binding upon another circuit.").