[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11276
Non-Argument Calendar
_____

D.C. Docket No. 0:20-cv-60051-RKA

CHARLENE TERRY-ANN WALKER ROSA,
a.k.a. Charlene Rosa,

                                        Petitioner-Appellant,

versus

HOWARD FINKELSTEIN,
DOHN WILLIAMS, JR.,

                                        Respondents-Appellees.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 11, 2020)

Before JILL PRYOR, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

Charlene Terry-Ann Walker Rosa, proceeding *pro se*, appeals the district court's dismissal of her "Civil Liability Suit," which was construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254. Rosa argues that this dismissal was improper because her filing was not a habeas petition but rather a complaint under 42 U.S.C. § 1983. Upon consideration, we conclude that Rosa's arguments lack merit. Accordingly, we affirm the dismissal.

## I. BACKGROUND

Rosa is a Florida prisoner convicted and sentenced for first-degree murder. In January 2020, Rosa filed a *pro se* complaint in federal district court titled "Civil Liability Suit." Without mentioning any statute, she asserted that her state public defenders discriminated against her and had made various errors at trial. She asked the court to "find[] that defendants [are] liable for the damage to [her] life and liberty and grant a civil liability jury trial" against her state-court attorneys. The district court dismissed her complaint for lack of jurisdiction because Rosa had previously filed a Section 2254 habeas petition "based on these very same allegations" and had not obtained the authorization required to file a second or successive habeas petition. Rosa timely appealed.

## II. STANDARD OF REVIEW

"We review *de novo* whether a petition for a writ of habeas corpus is second or successive." *Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1264 (11th

Cir. 2020). Although Section 2254 appeals generally require a certificate of appealability, "no [certificate of appealability] is necessary to appeal the dismissal for lack of subject matter jurisdiction of a successive habeas petition because such orders are not a final order in a habeas corpus proceeding." *Id.* at 1264 n.3 (cleaned up).

### III. DISCUSSION

Rosa raises several arguments on appeal, but all of them depend on her argument that the district court misconstrued her "Civil Liability Suit" as a habeas petition when it was actually a complaint under 42 U.S.C. § 1983. We conclude that the district court correctly construed her filing and therefore properly dismissed it as a successive habeas petition.

"We read briefs filed by *pro se* litigants liberally." *Statton v. Fla. Fed. Jud. Nominating Comm'n*, 959 F.3d 1061, 1063 (11th Cir. 2020) (cleaned up). We also "have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *Gooden v. United States*, 627 F.3d 846, 847 (11th Cir. 2010). Because Rosa's complaint had no statutory label, we must decide whether her claims arise under Section 2254 or Section 1983, which "are mutually exclusive." *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) (citation omitted). "When an inmate challenges the circumstances of his confinement but not the validity of his

3

conviction []or sentence, then the claim is properly raised in a civil rights action under [Section] 1983. *Id.* (citation omitted). But "if the relief sought by the inmate would either invalidate his conviction or sentence or change the nature or duration of his sentence, the inmate's claim must be raised in a [Section] 2254 habeas petition, not a [Section] 1983 civil rights action." *Id.*

Even if a state prisoner cloaks his claim with a request for damages under Section 1983, the district court must peel back the disguise and "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Indeed, if a claim for damages is "based on allegations . . . that necessarily imply the invalidity of the punishment imposed, [it] is not cognizable under [Section] 1983." *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

Here, the district court was correct that Rosa's district court filing challenges her criminal conviction and sentence. First, she asserts that her public defenders' alleged ineffective performance entitles her to "equitable relief from the judgment and sentence on the indictment" of her case. Second, although in the same filing she requests a civil trial against her public defenders and requests "damages," the damages that she claims arise only from her having been "convicted and

4

sentence[d]." Any award of damages based on her conviction and sentence would "necessarily imply the invalidity of the punishment imposed," so Rosa's claims are "not cognizable under [Section] 1983." *Balisok*, 520 U.S. at 648. Because Rosa's claims challenge her criminal conviction and sentence, the district court correctly construed her filing as a Section 2254 habeas petition.

The district court was also correct that the petition is a procedurally improper successive petition. Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive [habeas] application . . . is filed in the district court, the applicant [must] move in the appropriate court of appeals for an order authorizing the district court to consider the application." "Absent authorization from this Court, the district court lacks jurisdiction to consider a second or successive habeas petition." *Osbourne*, 968 F.3d at 1264 (citation omitted). Here, Rosa's filing challenges the same conviction and sentence that she unsuccessfully challenged in a previous habeas petition. Her filing is therefore a successive habeas petition. But Rosa never received the required authorization from this Court to file this petition. Thus, the district court correctly held that it lacked jurisdiction to consider it and properly dismissed it on that ground.

## IV. CONCLUSION

For the reasons stated above, we **AFFIRM**.

5