[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11665
Non-Argument Calendar
_____

D.C. Docket No. 5:18-cv-00177-MCR-MJF

TRACY L. COLLIER,

Petitioner-Appellant

versus

MARK S. INCH,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(December 28, 2020)

Before GRANT, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Tracy Collier filed a 28 U.S.C. § 2254 habeas petition.  The district court adopted the magistrate judge's report and recommendation, and dismissed Collier's petition for lack of jurisdiction.  Because Collier has waived his right to challenge on appeal that conclusion, we affirm.

This is not the first federal habeas petition Collier has ever filed.  His crime of conviction was that of escape, and he was sentenced to 25 years imprisonment in January 2002.  *Collier v. McNeil*, No. 5:06-cv-00172-MCR-MD, 2008 WL 4346784, at *1 (N.D. Fla. Sept. 18, 2008).  For this conviction, he filed a § 2254 petition in 2006.  *Id.* at *2.  The magistrate judge recommended that the petition should be denied, and after considering Collier's objections, the district court adopted the magistrate judge's report and recommendation.  *Id.* at *1–2.  Collier's motion for a certificate of appealability with the district court was denied, and he fared no better in this Court, which denied him a certificate of appealability in 2009.  *Collier v. McNeil*, No. 5:06-cv-00172-MCR-MD, 2008 WL 4661476 (N.D. Fla. Oct. 21, 2008); *see also* Order, *Collier*, 2008 WL 4346784, ECF No. 69.

What gives rise to this case is Collier's newest § 2254 petition, which he placed in the prison mailing system in 2018.  The magistrate judge found that the district court lacked jurisdiction to consider his petition, because it found that the petition was a "second or successive" habeas petition within the meaning of 28 U.S.C. § 2244(b)(3)(A), and Collier did "not allege or show he obtained the Eleventh Circuit's authorization to file it."  Further, the magistrate judge found that a certificate of appealability was not warranted in this case.  Finally, and crucially, the magistrate judge included a "Notice to the Parties," alerting the parties to this

Court's Rule 3–1, which states the consequences of failing to object to the report and recommendation. In particular, a party who fails to do so "in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object." 11th Cir. R. 3–1.

Collier never objected to the report and recommendation, which was dated March 7, 2019. On April 9, the district court issued its order. After noting that Collier "was furnished a copy of the Report and Recommendation and afforded an opportunity to file objections pursuant to" 28 U.S.C. § 636(b)(1), the court adopted the report and recommendation and dismissed Collier's petition for lack of jurisdiction. Shortly thereafter, Collier appealed to this Court, and is now before us *pro se*.

Collier presents two arguments for reversing the district court. First, he argues that he was incompetent in the trial where he was convicted. And second, he argues that he was incompetent to represent himself at that trial.

These arguments are unavailing, because Collier has waived his right to challenge on appeal the only question that matters at this stage—whether the district court had jurisdiction at all over the petition. The district court noted that Collier had the opportunity to object pursuant to § 636(b)(1). The report and recommendation included a notice that warned the parties of the consequences of failing to object. And the record is entirely devoid of any objections by Collier to anything in the report and recommendation.

3

In fact, Collier's right to challenge the district court's finding of lack of jurisdiction is doubly waived. Even if he had timely objected to the report and recommendation, his only brief before us never engages with, let alone argues, the district court's jurisdictional finding. That means he has waived the issue. *United States v. Silvestri*, 409 F.3d 1311, 1338 n.18 (11th Cir. 2005).

And because that issue is dispositive, Collier cannot prevail in his appeal. We have explained that "[a]bsent authorization from this Court, the district court lacks jurisdiction to consider a second or successive habeas petition." *Osbourne v. Sec'y, Florida Dep't of Corr.*, 968 F.3d 1261, 1264 (11th Cir. 2020). The district court found such a lack of jurisdiction, and Collier, having waived his argument twice over, cannot challenge that finding now. The district court's order is **AFFIRMED**.