[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10233

Non-Argument Calendar

_____

ARSELES D. MILLER,

Petitioner-Appellant,

*versus*

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cv-01130-TPB-AEP

_____

Before JORDAN, NEWSOM, and HULL, Circuit Judges.

PER CURIAM:

Arseles Devon Miller, a Florida prisoner proceeding *pro se*, appeals the district court's dismissal of his second 28 U.S.C. § 2254 habeas corpus petition. The district court concluded that it lacked jurisdiction because Miller's second § 2254 petition was an unauthorized successive petition. After review, we affirm.

## I.     FACTUAL BACKGROUND

On August 1, 2005, a Florida trial court sentenced Miller to a total of 45 years' imprisonment after a jury convicted him of one count of delivery of cocaine and two counts of trafficking in cocaine. In its judgment, the state court included that Miller should receive 837 days of credit for time he had spent in jail before the sentence was imposed.

After seeking post-conviction relief in state court, Miller filed his initial § 2254 habeas corpus petition in December 2008. He raised two claims of state-law trial error, a Confrontation Clause claim, five claims of ineffective assistance of trial counsel, and three claims of ineffective assistance of appellate counsel. The district court determined that his trial-error claims were procedurally defaulted and the state court reasonably applied federal law in denying the remaining claims. The district court denied his § 2254 petition with prejudice.

In 2012, Miller moved the state trial court under Fla. R. Crim. P. 3.800(a) to correct his sentence to reflect additional days that he served in jail before sentencing.  The state court did not receive the Rule 3.800 motion until 2018, but it found that Miller properly filed his motion under Rule 3.800 because Miller's Rule 3.800 motion contained a stamp and a certificate of service stating that it was provided to jail officials for mailing on December 16, 2012.[1]

On November 21, 2018, the state court granted Miller's Rule 3.800 motion in part and directed the clerk of court to prepare "an amended judgment and sentence to reflect that Defendant is entitled to 870 days of jail credit."  The state court then issued an amended judgment, which, as before, reflected Miller's 2005 convictions.  The amended judgment contained the same sentence for those convictions—a total of 45 years of imprisonment, effective August 1, 2005—but stated that Miller was entitled to 870 days of jail credit, instead of the original 837 days.

In May 2020, Miller filed his second § 2254 petition for a writ of habeas corpus.  He raised five grounds of ineffective assistance of appellate counsel and asserted that the cumulative

---

[1] In 2013, Rule 3.801 was enacted to provide a specific vehicle for requesting additional jail credit.  *See* Fla. R. Crim. P. 3.801.  The state court considered Miller's motion as properly filed in 2012 and under Rule 3.800(a) because Rule 3.801 did not yet exist in 2012.

4                    Opinion of the Court                    21-10233

effect of his appellate counsel's errors was the denial of a fair appeal process.

The district court found that Miller's § 2254 petition was a successive habeas petition that had not been authorized by this Court. Accordingly, it dismissed his § 2254 petition for lack of jurisdiction.

## II.    DISCUSSION

Section 2244(b) provides that a habeas corpus petitioner seeking to file a second or successive petition in the district court must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).[2] Absent such authorization, the district court lacks jurisdiction to consider a second or successive habeas petition. *Osbourne v. Sec'y, Fla. Dep't of Corrs.*, 968 F.3d 1261, 1264 (11th Cir. 2020).

Miller did not receive authorization from this Court to file his second § 2254 petition in the district court. On appeal, he argues that our authorization was not necessary because his § 2254 petition challenged the 2018 amended judgment and therefore was not "second or successive."

---

[2] "We review de novo whether a petition for a writ of habeas corpus is second or successive." *Patterson v. Sec'y, Fla. Dep't of Corrs.*, 849 F.3d 1321, 1324 (11th Cir. 2017) (en banc).

To determine whether a petition is successive, we examine the "*judgment* challenged." *Patterson v. Sec'y, Fla. Dep't of Corrs.,* 849 F.3d 1321, 1325 (11th Cir. 2017) (en banc) (quoting *Insignares v. Sec'y, Fla. Dep't of Corrs.*, 755 F.3d 1273, 1277 (11th Cir. 2014)). "The judgment that matters for purposes of section 2244 is 'the judgment authorizing the prisoner's confinement.'" *Id.* (quoting *Magwood v. Patterson*, 561 U.S. 320, 332, 130 S. Ct. 2788 (2010)). To be entitled to another round of federal habeas corpus review, the prisoner must have obtained "a new judgment intervening between [his] two habeas petitions." *Magwood*, 561 U.S. at 339, 130 S. Ct. 2788.

Furthermore, not every action that alters a sentence necessarily constitutes a "new judgment." *Osbourne*, 968 F.3d at 1265; *see Patterson*, 849 F.3d at 1327 (explaining that state courts may grant "[m]any ameliorative changes in sentences . . . as a matter of course," and the relevant question for § 2244 is not the "magnitude and type of change" but whether a new order authorizes the prisoner's confinement). In *Osbourne*, this Court held that a 2014 Florida amended judgment entered *nunc pro tunc* (meaning "now for then") was not a new judgment because it "related back to the date of the initial judgment." *Id.* at 1267. We explained that, "[i]n light of the trial court's *nunc pro tunc* designation when issuing Osbourne's amended sentence, the date of Osbourne's sentences and conviction remained April 21, 2003." *Id.* at 1266. Thus, Osbourne was "still confined pursuant to the

2003 judgment," and his latest § 2254 was an unauthorized successive petition. *Id.* at 1267.

Here, the district court correctly found that the order of the Florida court and the ensuing amended judgment did not result in a "new judgment" for purposes of § 2244. Miller argues that, because the amended judgment was not entered *nunc pro tunc*, it is a new judgment. Although the state court here did not use that exact phrase, the amended sentence was, effectively, imposed *nunc pro tunc*, as it specified that the sentences on all three counts were "Effective 8/01/05"—the date of the original judgment—and did not change or modify the sentence that Miller is currently serving except to credit him for 870 days of jail time rather than the previous 837. The order and amended judgment merely corrected a clerical error in Miller's sentence. See *Hagley v. State*, 140 So. 3d 678, 679 (Fla. Dist. Ct. App. 2014) ("Florida has long recognized a court's inherent power to correct clerical errors such as calculation of jail credit."); *Luke v. State*, 672 So. 2d 654, 655 (Fla. Dist. Ct. App. 1996) ("[T]he court's recitation of the number of days' credit for time served is merely a ministerial act.").

In other words, the judgment authorizing Miller's custody—which is "[t]he judgment that matters for purposes of section 2244"—has not changed. *Patterson*, 849 F.3d at 1325-26; *see Osbourne*, 968 F.3d at 1266. Miller is still confined pursuant to the 2005 judgment. *See Osbourne*, 968 F.3d at 1267.

Miller's second § 2254 petition, which collaterally attacks his 2005 convictions and total sentence, is a successive petition. Because he neither sought nor received authorization from this Court before filing, the district court did not have jurisdiction to consider it.  Accordingly, we affirm the district court's dismissal of Miller's second § 2254 petition.

**AFFIRMED.**