[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 21-13038

Non-Argument Calendar

————————————————

SHAWN G. ADDERLEY,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:21-cv-61725-WPD

————————————————

Before WILSON, NEWSOM, and BLACK, Circuit Judges.

PER CURIAM:

Shawn Adderley, a *pro se* federal prisoner, appeals the district court's order dismissing his 28 U.S.C. § 2255 motion to vacate for lack of jurisdiction and, alternatively, denying it on the merits.[1] Adderley does not expressly challenge the district court's finding it lacked jurisdiction because his § 2255 motion was successive.[2] The Government has moved for summary affirmance, contending Adderley's present § 2255 motion is a second or successive motion and the district court lacked jurisdiction to consider it without the requisite authorization from this court.

## I.  BACKGROUND

In 2018, Adderley pleaded guilty to one count of conspiring to possess with intent to distribute five kilograms or more of

---

[1] Although neither we nor the district court has issued a certificate of appealability (COA), one is not required where a district court dismisses a successive § 2255 motion for lack of jurisdiction. *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004).

[2] Instead, Adderley argues, for the first time, the amendments to 18 U.S.C. § 3582 by § 603(b)(1) of the First Step Act of 2018 gave the district court the authority to resentence him and those amendments created a sentencing disparity and constituted an extraordinary and compelling reason warranting relief. He also asserts the district court did not inform him that his counsel did not dispute the enhancement, and therefore it erroneously enhanced his sentence. Finally, he contends his attorney coerced him into pleading guilty.

cocaine, 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), and was sentenced to 70 months' imprisonment. At sentencing, the district court enhanced his offense level under U.S.S.G. § 2D1.1(b)(1) for possessing a firearm in connection with the offense, but it applied safety valve relief, thereby allowing it to sentence Adderley below the 10-year mandatory minimum.

In 2019, Adderley filed his first 28 U.S.C. § 2255 motion, arguing the gun enhancement violated the Eighth Amendment and that § 2255 was unconstitutional. The district court dismissed Adderley's first § 2255 motion as time-barred and, alternatively, rejected it on the merits.

Adderley later filed the present § 2255 motion, his second, arguing his counsel was ineffective because he did not object to the application of the gun enhancement. He had not received authorization from this Court to file a second or successive § 2255 motion. After reviewing his second § 2255 motion *sua sponte*, the district court dismissed it for lack of jurisdiction because the petition was successive, and, alternatively, denied it on the merits.

## II.  DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a federal prisoner may only file one § 2255 motion, and, assuming that is denied in a "judgment on the merits," he must obtain leave from the Court of Appeals before filing a second or successive motion. *Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1264 (11th Cir. 2020);

*Boyd v. United States*, 754 F.3d 1298, 1301–02 (11th Cir. 2014). Habeas petitions that are dismissed as time-barred by the AEDPA's one year limitation period are considered to have been dismissed with prejudice. *See Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007) (noting in ruling on a successive application the petitioner's first habeas action had been dismissed "with prejudice" as untimely).

A federal prisoner who wishes to file a second or successive motion to vacate, set aside, or correct sentence is required to move the court of appeals for an order authorizing the district court to consider such a motion. *See* 28 U.S.C. § 2255(h), cross-referencing 28 U.S.C. § 2244. A three-judge panel of the court of appeals may grant such authorization only if the proposed motion contains claims premised on either (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1), (2). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." *Id.* § 2244(b)(3)(C).

We conclude summary affirmance is warranted for two reasons. First, Adderley does not argue the district court erred by

dismissing his present § 2255 motion for lack of jurisdiction, and so any challenge in that respect is abandoned. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) ("When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed.").

Second, even if we deem such a challenge implicitly preserved, it still fails. *See Boyd*, 754 F.3d at 1301 (reviewing *de novo* a district court's dismissal of a § 2255 motion as "second or successive"). The district court did not err when it dismissed Adderley's claim for lack of jurisdiction because the disposition of his first § 2255 motion was with prejudice, making his present motion second or successive. *See Jordan*, 485 F.3d at 1353. Also, one of Adderley's primary claims in his current § 2255 motion relies on ineffective assistance of counsel, which was a claim he could have brought in his first motion. *See Boyd*, 754 F.3d at 1301 ("[T]he bar on second or successive motions applies when, for example, a petitioner could have raised his or her claim for relief in an earlier filed motion, but without a legitimate excuse, failed to do so."). As such, the district court lacked jurisdiction to hear his present § 2255 motion because we had not granted him leave to file it.[3] *See*

---

[3] Although *pro se* pleadings are liberally construed, Adderley does not seek our permission to file a successive § 2255 motion, and so he abandons that argument on appeal. *See Sapuppo*, 739 F.3d at 680 (stating a party abandons an argument when he fails to raise it in his initial brief); *Tannenbaum v. United*

*Armstrong v. United States*, 986 F.3d 1345, 1348 (11th Cir. 2021) (stating if a movant fails to obtain our authorization, the district court must dismiss a second or successive § 2255 motion for lack of jurisdiction).

Accordingly, because the government's position is "clearly right as a matter of law" we GRANT its motion for summary affirmance and DENY as moot its motion to stay the briefing schedule. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969)[4] (explaining summary disposition is appropriate, in part, where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous").  In light of the foregoing, it is unnecessary for us to consider any of the arguments Adderley is raising for the first time on appeal, or the district court's alternative denial of his § 2255 motion on the merits.

---

*States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (stating *pro se* pleadings are liberally construed).  In any event, we conclude he has not satisfied the statutory criteria for obtaining leave to file a second or successive § 2255 motion at this time.

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.