[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12829

Non-Argument Calendar

_____

KENNETH BALDWIN,

Petitioner-Appellant,

*versus*

SECRETARY, DOC,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:18-cv-00320-JES-NPM

_____

Before LUCK, BRASHER, and EDMONDSON, Circuit Judges.

PER CURIAM:

Kenneth Baldwin, a Florida state prisoner proceeding *pro se*, appeals the dismissal of his *pro se* 28 U.S.C. § 2254 petition as second or successive.[*] No reversible error has been shown; we affirm.

In 1998, Baldwin was convicted in state court of three offenses: (1) first-degree burglary with assault or battery (Count 1); (2) sexual battery with a deadly weapon or great force (Count 2); and (3) battery on a person at least 65 years of age (Count 3). On 16 November 1998, the state court sentenced Baldwin to terms of life imprisonment for Counts 1 and 2 and to a ten-year term of imprisonment for Count 3, all to run concurrently. Baldwin's convictions and sentences were affirmed on direct appeal.

Baldwin filed his first 28 U.S.C. § 2254 petition in 2006. The district court dismissed with prejudice the petition as time-barred.

In 2011, the state court denied Baldwin's motion to correct an illegal sentence: a motion filed under Fla. R. Crim. P. 3.800. The state court noted, however, that the 16 November 1998 written judgment stated erroneously that Baldwin's conviction for first-degree burglary with battery constituted a "life felony." The state

---

[*] We read liberally briefs filed by *pro se* litigants. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). We also construe liberally *pro se* pleadings. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

court thus ordered the clerk of court to "correct page one of the Defendant's November 16, 1998 judgment and sentence to reflect that burglary with a battery, count one, is a first-degree felony punishable by life imprisonment (i.e., not a life felony)." The state court also determined -- based on intervening changes in Florida law -- that Baldwin was entitled to be resentenced on Count 2.

On 28 April 2011, the clerk entered a "Corrected Judgment" designating Count 1 as a first-degree felony, punishable by life. The Corrected Judgment was stamped "Nunc Pro Tunc" to 16 November 1998: the date of the original judgment.

On 15 October 2012, the state court resentenced Baldwin to 179.5 months' imprisonment for Count 2: a sentence that was shorter than the time Baldwin had already served in prison. The 15 October 2012 written judgment reflected only the new sentence for Count 2.

In May 2018, Baldwin filed *pro se* the section 2254 petition at issue in this appeal. The district court dismissed without prejudice the petition as second or successive. The district court explained that the Corrected Judgment related back to the date of the original 16 November 1998 judgment and, thus, constituted no "new judgment" for purposes of avoiding the restriction on filing second or successive section 2254 petitions. The district court also recognized -- although the state court issued a new judgment resentencing Baldwin for Count 2 -- that judgment conferred no jurisdiction because the Count 2 sentence had already expired and

did not authorize Baldwin's present confinement. The district court also denied Baldwin's motion for reconsideration.

"We review *de novo* whether a petition for a writ of habeas corpus is second or successive." *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1324 (11th Cir. 2017) (*en banc*).

Section 2254 permits a prisoner "in custody pursuant to the judgment of a State court" to challenge his conviction and sentence "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before filing a second or successive habeas corpus petition in the district court, a state prisoner must first move the court of appeals for an order authorizing the district court to consider such a petition. *See* 28 U.S.C. § 2244(b)(3)(A). Where the prisoner fails to seek or to obtain such authorization, the district court lacks jurisdiction to consider the merits of the petition. *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007).

In determining whether a habeas petition is second or successive, we look to the judgment being challenged. *Patterson*, 849 F.3d at 1325. A petition is not considered second or successive if (1) "it challenges a 'new judgment' issued after the prisoner filed his first petition" and (2) that new judgment authorizes the prisoner's confinement. *Id.* (citing *Magwood v. Patterson*, 561 U.S. 320, 324, 332 (2010)).

Here, the only judgment authorizing Baldwin's present confinement is the Corrected Judgment on Count 1. The Corrected

21-12829                Opinion of the Court                        5

Judgment -- entered nunc pro tunc to 16 November 1998 -- constitutes no intervening "new judgment" for purposes of section 2244. *See Obsourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1266-67 (11th Cir. 2020) (concluding that, under Florida law, the defendant's corrected sentence imposed nunc pro tunc related back to the date of the original judgment and was no "new judgment" under section 2244). Instead, the Corrected Judgment simply corrected a clerical error in the original written judgment. *Cf. Patterson*, 849 F.3d at 1326 (noting that an order correcting a clerical mistake creates no new judgment for purposes of permitting a second round of habeas review).

Because the 2018 habeas petition underlying this appeal represents Baldwin's second challenge to his original criminal judgment, the district court dismissed properly the petition as an unauthorized second or successive habeas petition. *See Burton*, 549 U.S. at 152-53. The district court abused no discretion in denying Baldwin's motion for reconsideration of that dismissal.

AFFIRMED.