[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11131

Non-Argument Calendar

_____

REGINALD EUGENE GRIMES, SR.,

Petitioner-Appellant,

*versus*

FPC PENSACOLA WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:22-cv-09927-LC-MAL

_____

Before JORDAN, NEWSOM, and TJOFLAT, Circuit Judges.

PER CURIAM:

Reginald Grimes, Sr., a *pro se* federal prisoner, appeals the order of the District Court granting the warden's motion to dismiss his *pro se* petition for habeas relief, filed under 28 U.S.C. § 2241. The warden, in turn, moves for summary affirmance and to stay the briefing schedule.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where . . . the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1] A motion for summary affirmance postpones the due date for the filing of any remaining brief until we rule on the motion. 11th Cir. R. 31-1(c).

When reviewing the denial of a habeas petition, we review questions of law de novo. *Nyland v. Moore*, 216 F.3d 1264, 1266 (11th Cir. 2000). The availability of habeas relief under § 2241 is also reviewed de novo. *Cook v. Wiley*, 208 F.3d 1314, 1316–17 (11th Cir. 2000). We review de novo "questions of law concerning

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

subject matter jurisdiction, including whether a prisoner may, in a particular circumstance, bring a § 2241 petition for a writ of habeas corpus under the saving clause of [28 U.S.C.] § 2255(e)." *Amodeo v. FCC Coleman - Low Warden*, 984 F.3d 992, 996 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 836 (2022). Whether the saving clause of § 2255(e) applies is a threshold jurisdictional issue. *Brown v. Warden, FCC Coleman-Low*, 817 F.3d 1278, 1283 (11th Cir. 2016).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Courts are obligated to "look behind the label" of *pro se* inmate filings to determine whether they are cognizable under "a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990).

The primary method of collateral attack on a federal sentence is pursuant to 28 U.S.C. § 2255. *Id.* at 629; *McCarthan v. Dir. of Goodwill Indus.-Suncoast*, 851 F.3d 1076, 1081 (11th Cir. 2017) (en banc). A § 2255 motion must be filed in the "court which imposed the sentence." 28 U.S.C. § 2255(a). Challenges to the execution of a sentence or the continuation of an initially valid sentence, rather than to the sentence's validity, may be brought through a petition for writ of habeas corpus pursuant to § 2241. *McCarthan*, 851 F.3d at 1089. A § 2241 petition must be filed in the "district wherein the restraint complained of is had." 28 U.S.C. § 2241(a).

A federal prisoner may only file one § 2255 motion. *Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1264 (11th Cir. 2020). If

that motion is denied in a "judgment on the merits," he must obtain leave from this Court before filing a second or successive motion. *Id.* A petitioner who has filed a previous § 2255 motion may not circumvent the restriction on successive § 2255 motions simply by petitioning under § 2241. *McCarthan*, 851 F.3d at 1092.

Generally, a "federal prisoner seeking to challenge the legality of his conviction or sentence has two bites at the apple: one on direct appeal, and one via a § 2255 motion." *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1339 (11th Cir. 2013), *overruled on other grounds by McCarthan*, 851 F.3d at 1096. A third means of collateral attack to the conviction may be available under § 2241 if the federal prisoner can satisfy the saving clause in § 2255(e). *McCarthan*, 851 F.3d at 1081. The saving clause of § 2255 permits a federal prisoner to file a § 2241 habeas petition if the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of establishing that § 2255 is inadequate or ineffective. *McCarthan*, 851 F.3d at 1081. If the petitioner's motion attacked his sentence based on a claim that could have been brought in a § 2255 motion, the § 2255 remedial vehicle was adequate and effective to test his claim, even if circuit precedent or a procedural bar would have foreclosed it. *Id.* at 1086, 1089-90, 1099; *see also Jones v. Hendrix*, 143 S. Ct. 1857, 1870 (2023) ("[T]he saving clause is concerned with the adequacy or effectiveness of the remedial vehicle . . . not any court's asserted errors of law.").

Summary affirmance is warranted here because it is clear as a matter of law that the District Court correctly dismissed Grimes's § 2241 petition as an unauthorized second or successive § 2255 motion. Grimes contended that facts from the presentence investigation report were incorrect and that, if the facts had been corrected, the jury's verdict could have changed to "not guilty" or the outcome of his incarceration could have been different. Grimes's claim that he was "actually and factually innocent" and his supporting claims about the District Court's compliance with Federal Rule of Criminal Procedure 32 at sentencing were attacks on the validity of his convictions and sentences, which are properly brought in a § 2255 motion, not a § 2241 petition. *See McCarthan*, 851 F.3d at 1081.

Next, Grimes did not meet his burden of showing that he could seek § 2241 relief under the saving clause in § 2255(e). *See id.* Grimes's claims attacked his convictions and sentences on grounds that could have been, and were, brought in a § 2255 motion. Thus, Grimes could not bring his § 2241 petition under § 2255(e)'s saving clause because § 2255 provided an adequate and effective remedial vehicle to test his claim, even if a procedural bar such as rules on successive § 2255 motions would foreclose it. *See id.* at 1086, 1089-90, 1099.

Finally, the District Court lacked jurisdiction to consider Grimes's filing because he had a prior § 2255 motion denied with prejudice and did not receive leave from this Court to file a successive § 2255 motion. *See Osbourne*, 968 F.3d at 1264; 28 U.S.C. § 2255(h). Further, as a § 2255 motion, Grimes should have filed it

in the district court where he was sentenced, not in the district where he is confined.  28 U.S.C. § 2255(a).

Accordingly, because the warden's position is clearly correct as a matter of law, we GRANT the warden's motion for summary affirmance and DENY as moot the motion to stay the briefing schedule.  *See Groendyke Transp., Inc.*, 406 F.2d at 1162.

**AFFIRMED.**[2]

---

[2] Grimes's motion to supplement the record on appeal, construed from his response to the warden's motion for summary affirmance, is DENIED.