[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-14168

Non-Argument Calendar

_____

JEROME (NMN) ALLEN,

Petitioner-Appellant,

*versus*

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:21-cv-01623-CEM-DCI

_____

Before WILSON, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Jerome Allen, a Florida state prisoner proceeding with counsel, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition for lack of jurisdiction as untimely and successive. Instead of addressing the district court's dismissal for lack of jurisdiction, Allen's retained counsel argues only the merits and underlying constitutional claims in his case, failing to address the jurisdictional issue.[1]

Issues not raised on appeal are deemed forfeited. *United States v. Campbell*, 26 F.4th 860, 872–73 (11th Cir. 2022) (en banc). An appellant fails to adequately brief a claim when he does not "plainly and prominently raise it." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680–81 (11th Cir. 2014) (quotation marks omitted). Here, Allen has forfeited any claim that the district court erred in dismissing his Section 2254 petition as successive, as he does not raise any arguments on appeal challenging this determination. *See id.*

A barred attorney retained by a prisoner seeking relief from a state court judgment is expected to understand and adhere to

_____

[1] Although not required to file a reply brief, Allen's counsel did not do so despite that being an opportunity to address the specific jurisdictional arguments that Florida brought up in its response brief.

22-14168                Opinion of the Court                3

state[2] and federal habeas requirements.  This court is troubled by the failure of Allen's counsel to do so.  As explained by the district court, Allen's 2019 resentencing was imposed *nunc pro tunc*, so his amended sentence was not a "new judgment" for the purposes of Section 2244.  *See Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1266 (11th Cir. 2020).  Accordingly, his 2021 Section 2254 petition was successive to his 1998 and 2001 Section 2254 petitions concerning the same judgment.  And as Allen's counsel should know, a petitioner must receive authorization from this court prior to filing a successive habeas petition.  *See* 28 U.S.C. § 2244(b)(3).  Allen's counsel filed this successive habeas petition without authorization, thus requiring the district court to dismiss it.

**AFFIRMED.**

---

[2] Allen may have filed a successive motion for postconviction relief in Florida state court pursuant to Florida Rule of Criminal Procedure 3.850(h).