**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-10479

Non-Argument Calendar

————————————

DOYLE L. HEARD,

*Petitioner-Appellant,*

*versus*

SECRETARY, FLORIDA DEPARTMENT OF
CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

*Respondents-Appellees.*

————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:24-cv-00002-MCR-MAF

————————————

Before JORDAN, KIDD, and ANDERSON, Circuit Judges.

PER CURIAM:

Doyle Heard, a Florida state prisoner proceeding pro se, appeals the district court's order dismissing his 28 U.S.C. § 2254 habeas corpus petition for untimeliness. Of the several claims raised below by Heard (and rejected as untimely by the district court), Heard raises only two claims on appeal: (1) he argues that the Florida Department of Corrections improperly took away his previously earned gain-time credits when it revoked his parole in 2001; and (2) he argues that his time to be served was determined under statutory provisions that did not take effect until after his 1981 conviction, which he argues is an ex post facto violation.[1]

We review *de novo* whether a habeas corpus petition is second or successive. *Ponton v. Sec'y, Fla. Dep't of Corr.*, 891 F.3d 950, 952 (11th Cir. 2018). We must give prior authorization before a petitioner may file a second or successive § 2254 petition. 28 U.S.C. § 2244(b)(3)(A); *Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1264 (11th Cir. 2020). Accordingly, district courts lack jurisdiction to consider an unauthorized second or successive petition.

---

[1] A single judge of this Court considered Heard's construed motion for a Certificate of Appealability ("COA") and determined that the district court did not have jurisdiction of the two claims listed above because they were available to Heard when he filed his 2004 habeas petition and therefore were successive. However, that single judge also noted that a COA was not necessary for those successive claims and, because Heard had paid the filing fee, his appeal with respect to those claims could proceed. Heard's brief on appeal raises only these two claims. Accordingly, our decision today leaves undisturbed the other claims which the district court dismissed below as untimely. In other words, our decision—explained below—vacates and remands (for dismissal for lack of jurisdiction) only these two claims.

*Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007).  When a petitioner seeks to challenge the same judgment that was challenged in a previous § 2254 petition, the petition generally will be deemed second or successive.  *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1324-25 (11th Cir. 2017).

We have recognized that "the phrase 'second or successive' is not self-defining and does not refer to all habeas applications filed second or successively in time."  *Stewart v. United States*, 646 F.3d 856, 859 (11th Cir. 2011).  Specifically, there are "a small subset of unavailable claims that must not be categorized as successive," such as when the basis for a habeas claim did not arise until after the conclusion of the previous petition.  *See id.* at 863-65.

Here, Heard's instant § 2254 petition challenged, in relevant part, the same judgment as a § 2254 petition that he had filed in 2004, and the district court denied that earlier petition on the merits, rendering any subsequent petitions as second or successive within the meaning of § 2244.  Any subsequent petitions required our prior authorization before the district court had jurisdiction over these two claims.  Therefore, the district court erred in making a merits-based finding that these two claims were time-barred because they were actually successive, in that the bases for the claims were not previously unavailable at the time of his initial § 2254 petition in 2004, and the court lacked jurisdiction to examine these two claims absent our authorization.  Accordingly, we vacate the district court's order dismissing these two claims as time-

4                        Opinion of the Court                    25-10479

barred, and remand with instructions to instead dismiss these two claims for lack of jurisdiction.

**VACATED AND REMANDED.**